**Ernest Yarborough**,

        Plaintiff,

v.

**Hilton Worldwide Holdings Inc., et al.**,

        Defendants.

**Memorandum & Recommendation**

Plaintiff Ernest Yarborough claims that Defendant Hilton Worldwide Holdings Inc. overcharged him for his stays at two of its hotels. He sued Hilton and Visa, Inc. in state court alleging gross negligence and trespass to chattels. Hilton removed the case to federal court and asked the court to dismiss Yarborough's claims against it. Because the economic loss rule bars Yarborough's claims, the undersigned recommends the District Court grant Hilton's motion.

**I.    Background**

In March 2024, Yarborough made a reservation to stay at a Hampton Inn Hotel in Virginia through the Hilton website using his debit card. Compl. ¶¶ 23, 26, D.E. 1–1. The cost of the one-night reservation was $195.00 plus 19,000 loyalty points. *Id.* ¶ 25.

When Yarborough checked in, the hotel placed a hold of $215.32 on his debit card. *Id.* ¶ 32. And when Yarborough he checked out, Hilton charged his debit card $224.32. *Id.* ¶ 36. Yet despite that charge, the initial hold remained. *Id.* ¶ 44. Yarborough claims that by not releasing the hold, Hilton effectively double charged him. *Id.*

Yarborough also made a reservation to stay at an Embassy Suites in South Carolina in late March 2024. *Id.* ¶ 64–65. Like the Hampton Inn, the Embassy Suites placed a hold on

Yarborough's debit card when he checked in for $488.74. *Id.* ¶ 72. Yarborough claims that when checked out, three additional holds were placed on his debit card totaling $150. *Id.* ¶ 74. And the hotel charged him $682.60 for his stay. *Id.* ¶ 78. Once again, despite the hotel charging him for his stay, the holds of $488.74 and $150 remained. *Id.* ¶ 80, 89.

Yarborough sued Hilton for gross negligence and trespass to chattels because of the alleged overcharges. *Id.* ¶ 53, 97, 111. Yarborough alleges that Hilton owns the Embassy Suites and Hampton Inn. After removing Yarborough's case from state court, Hilton asked the court to dismiss it from this case based on lack of personal jurisdiction and because the complaint fails to state a claim against it. D.E. 6.

## II. Discussion

Hilton argues that the court should dismiss Yarborough's Complaint because it fails to state a claim for relief. The Supreme Court has explained that to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, while a court must accept all the factual allegations in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory or mere formulaic recitations of the

elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly give[s] rise to an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* (internal citation and quotations omitted). If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

Yarborough's status as a pro se party relaxes, but does not eliminate, the requirement that a complaint contain facially plausible claims. Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see *Giarratano*, 521 F.3d at 304 n. 5. "The special judicial solicitude with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller* v. *Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quotation omitted). Every party, pro se or otherwise, must comply with the Federal Rules of Civil Procedure. See *Iqbal*, 556 U.S. at 678; *Baldwin Cnty. Welcome Ctr.* v. *Brown*, 466 U.S. 147, 152 (1984) (per curiam).[1]

Hilton contends that Yarborough's claims are barred by North Carolina's economic loss rule.[2] That rule, "prevent[s] parties from asserting tort claims for a simple breach of contract . . . ." *Legacy Data Access. Inc.* v. *Cadrillion, Ltd. Liab. Co.*, 889 F.3d 158, 164 (4th Cir. 2018). In determining whether the rule applies, "[w]hat matters is not whether a plaintiff has alleged a negligence tort or an intentional tort, but whether the defendant has breached some duty

---

[1] Given that this matter can be dismissed for failure to state a claim, this opinion does not address Hilton's personal-jurisdiction-based argument.
[2] Hilton contends that North Carolina law applies to this dispute. Yarborough has not responded to Hilton's motion, and thus has not challenged this assertion. So the court assumes that Hilton is correct about this choice of law issue.

3

other than a contractual duty, such that the tort claim is 'identifiable and distinct' from the breach of contract claim." *Id.* at 166.

Yarborough alleges that he twice entered a contract with Hilton to provide him with a hotel room for a specified price. He claims Hilton committed various torts when they overcharged him. Since Yarborough has not identified a tort claim that is identifiable and distinct from Hilton's alleged breach of contract, the economic loss rule bars his tort claims. So the District Court should dismiss Yarborough's claims against Hilton.

**III. Conclusion**

For these reasons, the District Court should grant Hilton's motion (D.E. 6) and dismiss Yarborough's claims against it.

This opinion does not address Yarborough's claims against Visa. But the court cautions Yarborough that, under Federal Rule of Civil Procedure 4(m), the court may dismiss his claims against Visa if he has not properly served it with a copy of the summons and complaint within 90 days after the removal of the case to federal court. If Yarborough believes he has properly served Visa, he should promptly file a proof of service. If he has not yet served the remaining defendant, he should do so before the 90-day period expires or seek an extension of that period. Failure to do so may result in the dismissal of this action without prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their

own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: August 12, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge